311 S.E.2d 153

**Patricia Ann BRENT**

v.

**The BOARD OF TRUSTEES OF
DAVIS AND ELKINS
COLLEGE, et al.**

No. 15786.

Supreme Court of Appeals of
West Virginia.

Dec. 15, 1983.

Barry M. Hill, Edward A. Zagula, Zagula & Hill, Leonard Z. Alpert, Weirton, for appellant.

John S. Bailey, Jr. and Howard E. Seufer, Jr., Bailey, Pfalzgraf & Seufer, Parkersburg, George J. Anetakis, Frankovitch & Anetakis, Weirton, for appellee.

McGRAW, Chief Justice:

This is an appeal by Patricia Ann Brent from an order of the Circuit Court of Wood County denying her motion to reinstate a cause of action previously dismissed pursuant to W.Va.R.Civ.P. 41(b) for failure to prosecute. Her primary contention is that because she was given no notice of the entry of the order which involuntarily dismissed her case, the provisions of Rule 41(b) precluding reinstatement after three terms from entry of the dismissal order are inapplicable. We agree, in part, and remand the case for further proceedings to determine if notice was provided.

The appellant was injured on February 26, 1974, when a glass test tube exploded during a chemistry laboratory class at Davis and Elkins College in Randolph County, West Virginia. On May 28, 1975, she filed a complaint in the Circuit Court of Hancock County seeking $3,000,000 in damages for her injuries from the college, the laboratory supervisor, and Corning Glass Works, the alleged manufacturer of the test tube. After the defendants moved to dismiss for improper venue, the appellant filed a parallel complaint alleging the same cause of action in the Circuit Court of Wood County on February 3, 1976. Although venue was not contested in Wood County, counsel for the appellant did not pursue the cause of action there, but rather chose to litigate the issue of venue in Hancock County.

On August 5, 1976, the Circuit Court of Hancock County dismissed the appellant's action for lack of venue. The appellant sought an appeal from this order, which this Court granted on April 25, 1977. By opinion issued July 10, 1979, we reversed the order and remanded the case to the Circuit Court of Hancock County with guidelines for determining whether venue was proper in that court. *See Brent v. Board of Trustees*, 163 W.Va. 390, 256 S.E.2d 432 (1979). After discovery indicated that venue could not be established in Hancock County, the circuit court again dismissed the appellant's action for lack of venue on December 13, 1979.

Counsel claims that two days later, on December 15, 1979, a fire in his office destroyed his files on the appellant's case. Meanwhile, on December 28, 1979, the Circuit Court of Wood County entered an order dismissing the appellant's complaint in that court for failure to prosecute, since no action had been taken in the case for over

two years. Counsel for the appellant asserts that he received no notice of this dismissal order, and that he did not learn of it until December of 1981, while he was going through defendant Corning's records in an attempt to restructure his case file. Counsel filed a motion on December 28, 1981, to set aside the dismissal order and to reinstate the cause of action in Wood County. The circuit court ruled that it did not have jurisdiction to reinstate the cause of action, and therefore, denied reinstatement on May 20, 1982.

The provisions of Rule 41(b) at issue in this proceeding place within the discretion of the trial court the power to strike from its docket any action "wherein for more than two years there has been no order or proceeding but to continue it...." The rule contains no explicit notice requirement, but does permit notice by publication. The rule further permits reinstatement of any action dismissed within three terms after entry of the order of dismissal.[1]

We last discussed Rule 41(b) at length in *Arlan's Dept. Store of Huntington, Inc. v. Conaty*, 162 W.Va. 893, 253 S.E.2d 522 (1979). *Arlan's* was an original proceeding in prohibition in which the petitioner sought to prohibit the enforcement of an order of the circuit court which granted a motion to reinstate a cause of action which had been dismissed for failure to prosecute two and a half years earlier. The petitioner argued that the circuit court was without jurisdiction to reinstate the action because the plaintiff had failed to move for reinstatement within three terms of the dismissal order and had failed to give notice of the reinstatement motion to all parties of record. We awarded the writ, holding that the circuit court "had no jurisdiction to act outside the Rules of Civil Procedure ...." 162 W.Va. at 895, 253 S.E.2d at 524.

The circuit court in *Arlan's* had proceeded under W.Va.Code §§ 56–8–9 and 56–8–12,[2] the statutory predecessors to Rule 41(b). In *Arlan's* we traced the common-law history of these statutes to the general rule that after entry of a final judgment

1. Rule 41(b) provides in its entirety:
   *Involuntary dismissal; effect thereof.*—For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits.
   Any court in which is pending an action wherein for more than two years there has been no order or proceeding but to continue it, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such action to be struck from its docket; and it shall thereby be dis-

continued. The court may direct that such order be published in such newspaper as the court may name. The court may, on motion, reinstate on its trial docket any action dismissed under this rule, and set aside any nonsuit that may be entered by reason of the nonappearance of the plaintiff, within three terms after entry of the order of dismissal or nonsuit; but an order of reinstatement shall not be entered until the accrued costs are paid.

2. W.Va.Code § 56–8–9 provides:
   Any court in which is pending any case wherein for more than two years there has been no order or proceeding but to continue it, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such case to be struck from its docket; and it shall thereby be discontinued. A court making such order may direct it to be published in such newspaper as it may name.
   W.Va.Code § 56–8–12 provides:
   Any court may, on motion, reinstate on the trial docket of the court any case dismissed, and set aside any nonsuit that may be entered by reason of the nonappearance of the plaintiff, within three terms after the order of dismissal shall have been made, or order of nonsuit entered; but any such order of reinstatement shall not be entered until the accrued costs in such case shall have been paid.

and the adjournment of the term in which it was entered, the court had no further jurisdiction of the subject matter or the parties in the absence of a statute conferring continuing jurisdiction. Thus, a court entering such a final order could not vacate it at any subsequent term, "except to modify it for clerical error or to vacate it on such grounds as would allow a bill of review or an original bill to impeach based on fraud, mistake, surprise or accident." 162 W.Va. at 896, n. 2, 253 S.E.2d at 525, n. 2.

The respondent in *Arlan's* argued that if W.Va.Code § 56-8-12 was interpreted to mean that a circuit court under no circumstances has no authority or jurisdiction to reinstate a case when a proper motion had not been filed within three terms of court, then the Legislature, by enacting such a provision, had unconstitutionally limited the jurisdiction of circuit courts. We rejected this argument on the basis that the rules of civil procedure adopted by this Court operated in aid of jurisdiction to facilitate the public's interest in just, speedy and inexpensive determinations. We concluded that the

> effect of noncompliance with the rules is not equivalent to impermissibly depriving the court of its constitutional power or jurisdiction, and to characterize it as such will not make it so. This is not a case involving some form of "legislative dominance" as argued by the relator. Rather, the result here derives from the failure of the plaintiff below to comply with the statutory rule now encompassed within R.C.P. 41(b). Except in unusual cases, trial courts cannot relieve a party of the consequences of the failure to comply with this rule.

162 W.Va. at 898, 253 S.E.2d at 526.

The time periods established by the rules of civil procedure are the primary vehicle through which the purpose of the rules "to secure just, speedy and inexpensive determinations in every action" may be accomplished. *See* W.Va.R.Civ.P. 1. As we stated in *Arlan's:*

> The rules ... establish procedures for the orderly process of civil cases as anticipated by W.Va. Const. Art. III, § 10.

They operate in aid of jurisdiction and facilitate the public's interest in just, speedy and inexpensive determinations. They vindicate constitutional rights by providing for the administration of justice without denial or delay as required by W.Va. Const. Art. III, § 17.

An integral part of this system is the establishment of time periods within which actions must be taken if they are to be taken at all. The rules are replete with time limitations designed to ensure the expeditious litigation of disputes within orderly legal procedures. If a party fails to comply with the time periods contained in the rules, he may suffer adverse consequences including the loss of his case.

162 W.Va. at 898, 253 S.E.2d at 525–526.

The provision of Rule 41(b) permitting a court to dismiss an action after two years of inactivity is essential to the underlying purpose of the rules of civil procedure to expedite the speedy administration of justice in civil cases. The rule functions as a docket-clearing mechanism which enables trial courts to purge themselves of stale cases, while prodding dilatory plaintiffs to proceed to trial. The rule does, however, recognize that in some instances valid reasons may exist which can account for the lack of diligence in prosecution of an action. Accordingly, the rule permits reinstatement within three terms of the dismissal order.

■ Rule 41(b) does not, however, dispense with a showing of good cause in order for the plaintiff to be entitled to reinstatement. This Court has always required good cause to be shown for reinstatement. *See Arlan's, supra; Nibert v. Carroll Trucking Co.*, 139 W.Va. 583, 82 S.E.2d 445 (1954); *White Sulphur Springs, Inc. v. Jarrett*, 124 W.Va. 486, 20 S.E.2d 794 (1942); *Higgs v. Cunningham*, 71 W.Va. 674, 77 S.E. 273 (1911). Thus, under Rule 41(b), in order to reinstate a cause of action which has been dismissed for failure to prosecute, the plaintiff must move for reinstatement within three terms of entry of the dismissal order and make a showing of good cause which adequately

excuses his neglect in prosecution of the case.

Lack of notice of entry of the dismissal order was not an issue raised by the litigants in *Arlan's*. However, we implicitly recognized in *Arlan's* that in order for the expiration of the three-term period to foreclose reinstatement, the case must have been validly dismissed in the first instance, as evidenced by our holding that where the dismissal order was the product of fraud, accident, or mistake, the trial court could reinstate the cause of action after expiration of the three-term period for reinstatement.

In this case the appellant contends that the three-term limitation should not preclude reinstatement because no notice of the entry of the dismissal order was given, and therefore such order is void as a matter of due process. The court below ruled that the absence of advance notice of the dismissal of the appellant's cause of action for failure to prosecute under the two-year rule did not violate due process requirements. In so ruling, the court relied upon the decision of the United States Supreme Court in *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). In *Link*, the Court, on a 4–3 vote, upheld the sua sponte dismissal by a district court of the oldest civil case on its docket after the plaintiff's counsel failed to appear for a scheduled pretrial conference. One of the grounds asserted for reversal was the lack of advance notice of the dismissal order. The Court rejected this argument. Justice Harlan, writing for the majority, reasoned:

> Nor does the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing necessarily render such a dismissal void. It is true, of course, that "the fundamental requirement of due process is an opportunity to be heard upon such notice and proceed-

ings as are adequate to safeguard the right for which the constitutional protection is invoked." *Anderson Nat. Bank v. Luckett*, 321 U.S. 233, 246 [64 S.Ct. 599, 606, 88 L.Ed. 692] [1944]. But this does not mean that every order entered without notice and a preliminary adversary hearing offends due process. The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct. The circumstances here were such as to dispense with the necessity for advance notice and hearing.

> In addition, the availability of a corrective remedy such as is provided by Federal Rule of Civil Procedure 60(b)—which authorizes the reopening of cases in which final orders have been inadvisedly entered—renders the lack of prior notice of less consequence. Petitioner never sought to avail himself of the escape hatch provided by Rule 60(b).

370 U.S. at 632, 82 S.Ct. at 1389–1390, 8 L.Ed.2d at 739.

■ The appellees contend that advance notice of entry of the dismissal was not required in this case, primarily because counsel is presumed to be aware of the two-year dismissal provision contained in Rule 41(b) and of local practice, and therefore should expect that a cause of action will be dismissed after two years of inactivity. We agree that counsel is presumed to know the provisions of the rules of civil procedure, *see Taylor v. Smith*, 171 W.Va. 665, 301 S.E.2d 621 (1983), and in accord with *Link*, we find that the availability of reinstatement pursuant to Rule 41(b), as well as the post-judgment remedies provided by Rule 60(b),[3] obviates the need for

---

3. W.Va.R.Civ.P. 60(b) provides:

   *Mistakes; inadvertence; excusable neglect; unavoidable cause; newly discovered evidence; fraud, etc.*—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable negligent, or unavoidable cause; (2)

newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been

*advance* notice of the entry of a dismissal order pursuant to the two-year rule. However, notice upon entry of every order of the court is expressly required by Rule 77(d), which provides:

> *Notice of orders or judgments.*—Immediately upon the entry of an order or judgment the clerk, except as to parties who appear of record to have had notice thereof, shall serve by mail a notice of the entry in the manner provided for in Rule 5 upon every party affected thereby who is not in default for failure to appear, and shall make a note of the mailing in the docket. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed.

■ Rule 77(d) is explicit in its requirement that the notice of the entry of an order "shall" be provided to parties of record. It is well established that the use of the word "shall" should be afforded a mandatory connotation. *See, e.g., Hodge v. Ginsberg,* 172 W.Va. 17, 303 S.E.2d 245 (1983); *Nelson v. West Virginia Public Employees Ins. Bd.,* 171 W.Va. 445, 300 S.E.2d 86 (1982). Accordingly, the permissive language of Rule 41(b), which permits notice by publication, cannot be interpreted as overriding the positive command of law in Rule 77(d) requiring notice by mail immediately upon entry of every order. It is therefore clear that upon entry of an order of dismissal for failure to prosecute pursu-

ant to Rule 41(b), notice of the entry of the order must be provided pursuant to Rule 77(d).

In *Crusenberry v. Norfolk & Western Ry. Co.,* 155 W.Va. 155, 180 S.E.2d 219 (1971), this Court recognized that the notice requirements of the rules of civil procedure are not mere technical requirements. Rather, they constitute material procedural considerations which can seriously affect the substantial rights of parties. Invariably, the notice requirements of the rules of civil procedure are designed to alert a party so that they can take the appropriate steps to protect their interests. 155 W.Va. at 160, 180 S.E.2d at 222. *See also Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974).

■ Accordingly, we hold that where it is established that notice of the entry of an order involuntarily dismissing an action for failure to prosecute has not been given as provided by Rule 77(d), the court may consider a motion for reinstatement after the expiration of three terms from the entry of the dismissal order. We wish to make clear, however, that we do not hold that every dismissal order entered without notice automatically entitles the aggrieved party to reinstatement. Good cause must still be established to explain the delay in prosecution of the case which led to dismissal in the first instance. *Cf. Radack v. Norwegian America Line Agency, Inc.,* 318 F.2d 538 (2d Cir.1963); *Mizell v. Attorney General of State of New York,* 586 F.2d 942, 944–945, n. 2 (2d Cir.1978), *cert. denied,* 440 U.S. 967, 99 S.Ct. 1519, 59 L.Ed.2d 783 (1979); *Chowning, Inc. v. Dupree,* 6 Kan.App.2d 140, 626 P.2d 1240 (1981).

■ In this case, while it is not disputed that neither the appellant nor her counsel received personal notice of the en-

---

reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), (3), and (6) not more than eight months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to enter-

tain an independent action to relieve a party from a judgment, order or proceeding, or to grant statutory relief in the same action to a defendant not served with a summons in that action, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, petitions for rehearing, bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

try of the dismissal order pursuant to provisions of Rule 41(b), no finding has been made on the issue of whether Rule 77(d) was complied with below. As a general rule, there is a presumption of regularity which attaches to all judicial proceedings. *See, e.g., Mooney v. Barton,* 155 W.Va. 329, 184 S.E.2d 322 (1971); *Bowles v. Mitchell,* 146 W.Va. 474, 120 S.E.2d 697 (1961). Circuit court clerks are constitutional officers, *see* W.Va. Const. art. VIII, § 9, who are presumed to have complied with mandatory duties, including the giving of notice as required by statute or rule. *See, e.g., Murer v. Howard,* 165 Ga.App. 230, 299 S.E.2d 151 (1983).

Accordingly, we are remanding this case for a determination of whether notice of the December 28, 1979, dismissal order was provided pursuant to Rule 77(d). Upon a finding that notice was given, the appellant's ability to seek reinstatement would be foreclosed. If, on the other hand, it appears that Rule 77(d) was not complied with, the trial court should determine whether lack of notice was a substantial cause of the appellant's failure to make a timely motion for reinstatement. In making this determination, the court should consider all relevant circumstances surrounding the case, including whether the facts demonstrate a dilatory course of conduct on the part of counsel which would otherwise explain the failure to move for reinstatement. *See Taylor v. Smith, supra.* If the court finds that the failure to make a timely motion for reinstatement is a direct result of the lack of notice of the dismissal order, the court may then address the substantive elements of the appellant's motion to determine if good cause exists for reinstatement.

Finally, the record in this case compels us to comment upon the duty of counsel with respect to Rule 41(b). As we have noted, the purpose of the rules of civil procedure is to secure the just, speedy, and inexpensive determination of every action. *See* W.Va.R.Civ.P. 1; *Arlan's Dept. Store*

*of Huntington Inc. v. Conaty, supra.* Both counsel representing the plaintiff and the defendant have the duty, as officers of the court, to aid in the effectuation of this purpose, which has constitutional status in this jurisdiction. *See* W.Va. Const. art. III, § 17. Rule 41 is designed as a mechanism to expedite the speedy administration of justice in civil cases. It permits voluntary dismissals by the plaintiff or by the court of inadvisedly brought actions. *See* W.Va. R.Civ.P. 41(a). It further permits involuntary dismissals upon motion of the defendant for failure of the plaintiff to prosecute an action, as well as providing for involuntary dismissals pursuant to the two-year rule. *See* W.Va.R.Civ.P. 41(b).

■ As we have previously stated, counsel is presumed to know the provisions of the rules of civil procedure. Further, all lawyers owe to their clients the duty to be properly diligent in the prosecution or defense of a case. CODE OF PROFESSIONAL RESPONSIBILITY DR6–101(A)(3). This duty includes the obligation to keep informed of the progress of a case so that whatever actions are necessary to protect a client's interests may be taken. When an action is involuntarily dismissed for lack of prosecution as a result of counsel's failure to fulfill this duty, and reinstatement is subsequently sought, counsel is required, as incidental to the required showing of good cause, to explain his neglect in prosecution of the action.

For the foregoing reasons, we remand this case to the Circuit Court of Wood County for proceedings consistent with this opinion.

Remanded.