452 S.E.2d 391

**Arlie ROLLYSON and Nellie Rollyson, Plaintiffs Below, Appellees,**

v.

**Frederick RADER, Jr., Defendant Below, Appellant.**

**No. 22255.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 21, 1994.

Decided Nov. 18, 1994.

William C. Garrett, Gassaway, for appellees.

Daniel R. Schuda, Marc B. Lazenby, Steptoe & Johnson, Charleston, for appellant.

PER CURIAM:

This matter is before this Court on certified questions from the Circuit Court of Braxton County. The lower court submits the following questions:

1. Does this Court have jurisdiction to reinstate on the trial docket a civil action dismissed without prejudice for failure to prosecute on February 28, 1991, pursuant to a Motion filed June 10; 1993?

2. Did this Court properly exercise its discretion by reinstating this matter to the trial docket based upon the Appellees' [Plaintiffs'] Motion in light of the presentation and arguments of counsel as reflected in the record of the hearing held on the matter?

We conclude that the discretion of the lower court was improperly exercised in granting the motion for reinstatement in this matter.

---

1. The underlying accident occurred on October 1, 1986, when the Plaintiffs' automobile was in-

## I.

A civil action for personal injuries arising from a 1986 automobile accident[1] was filed on August 26, 1988, in the Circuit Court of Braxton County by Plaintiffs Arlie Rollyson and Nellie Rollyson against Defendant Frederick Rader, Jr. Although the Defendant filed a timely answer, the Plaintiffs did not pursue their claim, and, on February 28, 1991, the case was dismissed without prejudice for failure to prosecute.

On June 10, 1993, twenty-seven months after the dismissal, the Plaintiffs filed a motion pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure to reinstate the case on the following grounds: (1) the Plaintiffs are represented by new counsel; (2) the Plaintiffs have a viable cause of action which should be decided by a jury; (3) the Plaintiffs' former attorney failed to inform them that their case had been dismissed and had they been so informed, they would have taken action to protect their interests; and (4) Plaintiff Arlie Rollyson died on April 8, 1992, and Plaintiff Nellie Rollyson, his wife, is the executrix of his estate.

At an October 8, 1993, hearing on the issue of reinstatement, the lower court granted the Plaintiffs' motion for reinstatement but also certified the above-referenced questions to this Court.

## II.

West Virginia Code § 56–8–12 (1966) provides as follows:

> Any court may, on motion, reinstate on the trial docket of the court any case dismissed, and set aside any nonsuit that may be entered by reason of the nonappearance of the plaintiff, within three terms after the order of dismissal shall have been made, or order of nonsuit entered; but any such order shall not be entered until the accrued costs in such case shall have been paid.

Likewise, Rule 41(b) of the West Virginia Rules of Civil Procedure provides that the court may, on motion, reinstate a case within

volved in a collision with an automobile driven by the Defendant.

three terms after the entry of the order of dismissal. In the present case, the lower court entered the dismissal order on February 28, 1991, and the motion for reinstatement was filed on June 10, 1993, seven terms of court following the entry of the dismissal order.[2]

In *Arlan's Department Store of Huntington, Inc. v. Conaty,* 162 W.Va. 893, 253 S.E.2d 522 (1979), we discussed the time limitation imposed upon motions to reinstate and recognized that "[i]f a party fails to comply with the time periods contained in the rules, he may suffer adverse consequences including the loss of his case." 162 W.Va. at 898, 253 S.E.2d at 526. We also emphasized in syllabus point 1 of *Brent v. Board of Trustees of Davis & Elkins College,* 173 W.Va. 36, 311 S.E.2d 153 (1983), that a case may be reinstated only upon the satisfaction of two separate requirements:

> Under W.Va.R.Civ.P. 41(b), in order to reinstate a cause of action which has been dismissed for failure to prosecute, the plaintiff must move for reinstatement within three terms of entry of the dismissal order and make a showing of good cause which adequately excuses his neglect in prosecution of the case.

173 W.Va. at 37, 311 S.E.2d at 154, syl. pt. 1.

Our exhaustive analysis in *Brent* provides ample rationale for the limitation on reinstatement. *Brent* explains that Rule 41(b) permits reinstatement within three terms of court but does not "dispense with a showing of good cause in order for the plaintiff to be entitled to reinstatement." *Id.* at 39, 311 S.E.2d at 157.

The Plaintiffs in the present case did not satisfy the first requirement, having allowed twenty-seven months to elapse between the entry of the dismissal order and the motion for reinstatement. Under certain limited circumstances, an exception may be justified and a court may reinstate a case in which the three-term rule was not observed. For instance, we held in *Brent* that where a dismissal order is derived through "fraud,

accident, or mistake," a court could reinstate the matter after expiration of the three-term period. 173 W.Va. at 40, 311 S.E.2d at 157.

We also explained in *Brent* that a plaintiff may prevail in his attempt to have a case reinstated after the expiration of three terms of court if he establishes that notice of the entry of the dismissal order for failure to prosecute was not provided as contemplated by Rule 77(d) of the West Virginia Rules of Civil Procedure. *Id.* at 41, 311 S.E.2d at 159. Rule 77(d) provides that the clerk of the court shall serve by mail a notice of the entry of the order upon every party affected thereby. J.W. Morris, Braxton County Circuit Court Clerk, certified on the Dismissal Order that a copy of the Dismissal Order in the present case was sent to counsel for both Plaintiffs and Defendant. The Plaintiffs contend that their former attorney did not receive notice, and that even if he did, he did not inform them of such notice. However, this issue is not determinative in this appeal since, as we noted in *Brent,* not every "dismissal order entered without notice automatically entitles the aggrieved party to reinstatement. Good cause must still be established to explain the delay in prosecution of the case which led to dismissal in the first instance." *Id.*

### III.

Due to the Plaintiffs' failure to satisfy the first prerequisite for the reinstatement, we need not extensively address the issue of good cause for reinstatement. We do emphasize, however, that even if we were convinced that the failure to move for reinstatement within the required three terms should be excused, we are not persuaded that good cause exists to now permit the Plaintiffs to reactivate their civil action. As stated above, to reinstate a case dismissed for failure to prosecute, a plaintiff must prove not only that reinstatement was requested within three terms of court but also that good cause for reinstatement exists.

In *Evans v. Gogo,* 185 W.Va. 357, 407 S.E.2d 361 (1990), we addressed a request

---

**2.** Pursuant to the former West Virginia Code § 51–2–1n (1981), in effect at the time this matter arose, the terms of court for Braxton County

began on the first Monday in February, June, and October. West Virginia Code § 51–2–1n was repealed in 1991.

303

for reinstatement by a plaintiff in a medical malpractice case. The request was premised upon the withdrawal of out-of-state counsel and the concomitant delay in prosecution allegedly occasioned by that withdrawal. *Id.* at 358, 407 S.E.2d at 362. We held that the determination of whether the lower court abused its discretion in denying reinstatement must include an examination of "the reasons given for the delay, and the possible prejudicial effect of the delay on the defendants." *Id.* at 359, 407 S.E.2d at 363.[3]

In the present case, the Plaintiffs have presented no justification for their failure to prosecute this matter from September 14, 1988, to its dismissal on February 28, 1991, and they have presented less than adequate explanation of their inaction between the dismissal and the motion to reinstate filed on June 10, 1993.

In addition to examining reasons for delay, the prejudicial effect of the delay upon the Defendant must also be evaluated. The accident which forms the basis of the claim occurred over eight years ago, one Plaintiff is now deceased, and any witnesses who could be located would expectedly have difficulty in accurately recalling the details of the accident.

As we noted in *Arlan's*, the application of the procedures for the orderly process of civil cases and the imposition of time limitations may produce harsh results. 162 W.Va. at 898, 253 S.E.2d at 526. A plaintiff whose case is dismissed for failure to prosecute is provided with ample opportunity—three terms of court—to move for reinstatement of his case. Absent evidence of fraud, accident, or mistake, failure to move for reinstatement within three terms will result in the refusal to reinstate the matter on the court docket. Given the failure of the Plaintiffs in the present case to request reinstatement within three terms of court, it was error for the lower court to reinstate the case on its trial docket.

Certified Questions Answered, Case Dismissed.

**3.** The reinstatement in *Evans* was requested two days after the dismissal order was entered, thus satisfying the requirement that the reinstatement

BROTHERTON, C.J., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.

be requested within three terms of court. 185 W.Va. at 358, 407 S.E.2d at 362.