527 S.E.2d 160

**Peter S. HARTMAN, Plaintiff Below, Appellant,**

v.

**The MORNINGSTAR BUILDING COMPANY, INC., a West Virginia Corporation; Gary Morningstar, Individually and as Vice President of Morningstar Building Company; Cary Morningstar, Individually and as President of Morningstar Building Company; and Judy Morningstar, Individually and as Secretary of Morningstar Building Company; The Morningstar Companies, Inc., a West Virginia Corporation; The Morningstar Consulting Company, Inc., a West Virginia Corporation; and The Village, LLC, a West Virginia Limited Liability Company, Defendants Below, Appellees.**

No. 25981.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 21, 1999.

Decided Dec. 13, 1999.

Dissenting Opinion of Justice Maynard Dec. 15, 1999.

Robert J. Schiavoni, Esquire, Hammer, Ferretti & Schiavoni, Martinsburg, West Virginia, and Garry G. Geffert, Esquire, Mar-

tinsburg, West Virginia, Attorneys for the Appellant.

Robert D. Aitcheson, Esquire, Charles Town, West Virginia, Attorney for Appellee Judy Morningstar.

Stephen M. Mathias, Esquire, Bowles Rice McDavid Graff & Love, Martinsburg, West Virginia, Attorney for Appellee The Village, LLC.

PER CURIAM:

This is an appeal by Peter S. Hartman from an order of the Circuit Court of Berkeley County dismissing an unpaid wage action on the ground that the appellant had failed to prosecute it. On appeal, the appellant claims that the circuit court failed to follow the required procedures before dismissing the action and that in so doing the court denied him due process of law. He also claims that, contrary to the court's findings, he did prosecute the action, but that his efforts were frustrated by the bankruptcy of one of the parties defendant.

I.

FACTS

The appellant in this proceeding was employed by Morningstar Building Company, Inc., from March 17, 1992 until April 18, 1995. Morningstar Building Company, Inc., was a member of a limited liability company called The Village, LLC. While working for Morningstar Building Company, Inc., the appellant performed work on lots owned by the related entity, The Village, LLC, and according to the appellant, as a result of the work, he became entitled to the amount of $48,-678.19 for wages, commissions and unpaid expenses incurred in furtherance of his job. That amount was not paid, and as a consequence on October 12, 1995, the appellant instituted the present action in the Circuit Court of Berkeley County against Morningstar Building Company, Inc., and The Village, LLC. Various other Morningstar companies, which were also involved in The Village, LLC, and its operations, as well as Gary Morningstar, Cary Morningstar and Judy Morningstar, who were officers and agents of the defendant corporations, were also named as parties defendant.

Following the filing of the action, interrogatories and requests for the production of documents were filed, and a scheduling conference was initially set for December 28, 1995, but was continued from time to time. Further, on March 18, 1996, the appellant moved for default judgment against the corporate defendants. That default judgment was granted on March 29, 1996, but was set aside as to The Village, LLC, on July 3, 1996.

Following entry of the default judgment, the defendant Judy Morningstar's brother, Gary Morningstar, filed a bankruptcy petition, and all proceedings as to him were stayed.

In the present appeal, the appellant claims that throughout 1997, he monitored the bankruptcy proceedings and remained in contact with his attorneys. During this time, he did not actively prosecute his remaining action against Judy Morningstar or The Village, LLC.

By motion dated March 27, 1998, but filed on March 30, 1998, the defendant Judy Morningstar moved to dismiss the appellant's action against her for failure to prosecute. Although the record does not show that the court gave the appellant notice of this motion to dismiss, the appellant did file a memorandum in opposition to it on May 1, 1998. He also filed a motion for summary judgment against Judy Morningstar.

Before the circuit court ruled on Judy Morningstar's motion to dismiss, The Village, LLC, also filed a motion to dismiss. Again, it does not appear from the record that the court gave the appellant formal notice of this motion.

On May 18, 1998, the Circuit Court of Berkeley County denied Judy Morningstar's motion to dismiss for the appellant's failure to prosecute his action against her. It does not appear from the record that the court conducted a hearing. The court's order states:

This cause came before the Court on Defendant Judy Morningstar's Motion to Dismiss. The Court having considered the motion, the memoranda of counsel, the en-

tire record of this matter, and being otherwise advised, finds that this is not a flagrant case so that the ·harsh remedy of dismissal is inappropriate, especially since defendant has suffered no prejudice.

After the court's denial of Judy Morningstar's motion to dismiss, the appellant obtained a scheduling conference for June 29, 1998. At that conference, according· to the appellant, defendant The Village LLC advised the court that the court had not yet ruled on its motion to dismiss. Subsequently, by order dated July 22, 1998, the court, without giving notice to the appellant, considered The Village, LLC's motion to dismiss and granted that motion. At the same time, the court, again without giving notice to the appellant, reconsidered and vacated the prior ruling against the appellee Judy Morningstar and granted her motion to dismiss.

In the present proceeding, the appellant claims that the circuit court failed to follow the procedures required by law in considering the motions to dismiss. Additionally, he claims that dismissal for failure to prosecute was substantively inappropriate under the facts of the case.

## II.

### DISCUSSION

In *Dimon v. Mansy*, 198 W.Va. 40, 479 S.E.2d 339 (1996), this Court discussed motions to dismiss for failure to prosecute and ruled that due process of law requires that certain specific procedures be followed by a trial court before dismissing a plaintiff's action for failure to prosecute. Specifically, in Syllabus Point 2 of *Dimon v. Mansy*, the Court stated:

Before a court may dismiss an action under Rule 41(b), notice and an opportunity to be heard must be given to all parties of record. To the extent that *Brent v. Board of Trustees of Davis & Elkins College*, 173 W.Va. 36, 311 S.E.2d 153· (1983), and any of our previous holdings differ with this ruling, they are expressly overruled.

Further, in Syllabus Point 3 of *Dimon v. Mansy*, the Court, in considerable detail, outlined the procedures which must be followed

to satisfy the notice and opportunity to be heard requirements of due process of law during the consideration of a motion to dismiss for failure to prosecute. In Syllabus Point 3 of *Dimon v. Mansy, id.*, the Court stated:

In carrying out the notice and opportunity to be heard requirements, before a case may be dismissed under Rule 41(b), the following guidelines should be followed: First, when a circuit court is contemplating dismissing an action under Rule 41(b), the court must first send a notice of its intent to do so to all counsel of record and to any parties who have appeared and do not have counsel of record. The notice shall inform that unless the plaintiff shall file and duly serve a motion within fifteen days of the date of the notice, alleging good cause why the action should not be dismissed, then such action will be dismissed, and that such action also will be dismissed unless plaintiff shall request such motion be heard or request a determination without a hearing. Second, any party opposing such motion shall serve upon the court and the opposing counsel a response to such motion within fifteen days of the service of such motion, or appear and resist such motion if it be sooner set for hearing. Third, if no motion is made opposing dismissal; or if a motion is made and is not set for hearing by either party, the court may decide the issue upon the existing record after expiration of the time for serving a motion and any reply. If the motion is made, the court shall decide the motion promptly after the hearing. Fourth, the plaintiff bears the burden of going forward with evidence as to good cause for not dismissing the action; if the plaintiff does come forward with good cause, the burden then shifts to the defendant to show substantial prejudice to it in allowing the case to proceed; if the defendant does show substantial prejudice, then the burden of production· shifts to the plaintiff to establish that the proffered good cause outweighs the prejudice to the defendant. Fifth, the court, in weighing the evidence of good cause and substantial prejudice, should also consider (1) the ac-

tual amount of time involved in the dormancy of the case, (2) whether the plaintiff made any inquiries to his or her counsel about the status of the case during the period of dormancy, and (3) other relevant factors bearing on good cause and substantial prejudice. Sixth, if a motion opposing dismissal has been served, the court shall make written findings, and issue a written order which, if adverse to the plaintiff, shall be appealable to this Court as a final order; if the order is adverse to the defendant, an appeal on the matter may only be taken in conjunction with the final judgment order terminating the case from the docket. If no motion opposing dismissal has been served, the order need only state the ground for dismissal under Rule 41(b). Seventh, if the plaintiff does not prosecute an appeal of an adverse decision to this Court within the period of time provided by our rules and statutes, the plaintiff may proceed under Rule 41(b)'s three-term rule to seek reinstatement of the case by the circuit court—with the time running from the date the circuit court issued its adverse order. Eighth, should a plaintiff seek reinstatement under Rule 41(b), the burden of going forward with the evidence and the burden of persuasion shall be the same as if the plaintiff had responded to the court's initial notice, and a ruling on reinstatement shall be appealable as previously provided by our rule.

■ As has been previously stated, in the case presently before the Court, it does not appear that the trial court gave notice of intent to rule on the motions to dismiss made by either Judy Morningstar or The Village, LLC. In so doing, the trial court violated the literal requirement relating to notice set forth in Syllabus Point 3 of *Dimon v. Mansy, id.* Additionally, from the documents available to the Court, it appears that the appellant was wholly unaware that the trial court was undertaking to reconsider the denial of Judy Morningstar's motion when the court took up the motion of The Village, LLC.

As stressed in *Dimon v. Mansy, id.*, a motion to dismiss for failure to prosecute is a motion carrying serious implications for a plaintiff in that it can result in the dismissal

of his action with prejudice. It is critically important that a plaintiff be afforded the required notice of a trial court's consideration of a motion to dismiss for failure to prosecute. It is likewise critically important that a plaintiff be afforded an opportunity to be heard.

Although the record suggests that the appellant was afforded actual notice of the existence of Judy Morningstar's original motion, it does not appear that he was afforded appropriate notice of the fact that the trial court undertook to reconsider the motion some four months after the initial denial of it. There does not appear to have been any additional briefing on the matter and no additional evidence was taken. It likewise does not clearly appear that the appellant was given the notice contemplated by *Dimon v. Mansy, id.*, that the trial court was considering the granting of The Village, LLC's motion to dismiss.

Given the importance of a dismissal for failure to prosecute, and the constitutional requirement that appropriate notice and opportunity to be heard be afforded a plaintiff whose action may be dismissed, this Court believes that the judgment of the circuit court dismissing the plaintiff's action as to Judy Morningstar and The Village, LLC must be reversed because of the trial court's failure to follow the notice and hearing requirements of *Dimon v. Mansy, id.*

At one point in her brief in this matter, Judy Morningstar states:

> Although the Court at first denied Judy Morningstar's motion to dismiss, all parties had ample opportunity to fully litigate the issues arising upon the motion at that time. Presumably, the Plaintiff submitted all of the arguments, evidence, etc. he could muster in response to that motion. Nowhere does he assert that he failed to put his best foot forward, so to speak, in responding to the motion to dismiss. The Appellant had all the due process he is entitled to.

At another point in the same brief, Judy Morningstar states:

> The Appellant belatedly argues that it was the fact that the case had passed three

Circuit Judges and the Bankruptcy Court that caused delay. It is interesting to note this is the first time this argument has ever been fleshed out by the Appellant.

This Court believes that there is some inconsistency in these two statements. In the first statement, Judy Morningstar is, in effect, saying that the appellant had submitted all that he could muster in response to the motion to dismiss, and then in the second statement she says that for the first time on appeal, the appellant is challenging the motion to dismiss on the ground that bankruptcy proceedings delayed his prosecution of the action.

Rather clearly, it appears to this Court that the appellant has not been afforded a full opportunity to be heard and, further, the Court believes that there is a very real possibility that the bankruptcy in this case did in some way impede the prosecution of this action.

Under the circumstances, this Court believes at the very least, the appellant's action should not be dismissed as to either Judy Morningstar or The Village, LLC, until the appellant is afforded a full opportunity to be heard.

For the reasons stated, the judgment of the Circuit Court of Berkeley County is reversed, and this case is remanded for further development.

Reversed and remanded.

Justice SCOTT did not participate in the decision in the case.

Judge RISOVICH, sitting by temporary assignment.

MAYNARD, Justice, dissenting:

(Filed Dec. 15, 1999)

I disagree with the majority that the appellant did not receive sufficient notice and an opportunity to be heard before his action was dismissed by the circuit court. Accordingly, I would affirm the circuit court's dismissal of the action.

The appellant sued the defendants on October 12, 1995. For more than two years and five months, the appellant sat on his lawsuit and did nothing to prosecute it against the remaining defendants, Judy Morningstar and The Village. Consequently, Judy Morningstar moved to dismiss for failure to prosecute on March 27, 1998. This motion was ultimately granted on July 22, 1998.

Despite the appellant's obvious failure to do anything in regards to his lawsuit, the majority reverses the dismissal by the circuit court. The majority reasons that the appellant did not receive proper notice and an opportunity to be heard on the motion to dismiss. The facts show that the appellant filed a memorandum in opposition to Judy Morningstar's motion to dismiss on April 10, 1998, which obviously means that he had actual notice of the motion. While the record does not reflect that the appellant received notice of the circuit court's reconsideration of Judy Morningstar's motion or The Village's original motion, the record does show that a status conference was held in which counsel for the parties apparently had an opportunity to argue the defendants' motions to dismiss. Although a transcript of this hearing is not included in the record, the circuit court's order of dismissal states that the circuit court reached its conclusions, in part, "upon the pleadings formerly filed and read herein and upon the argument of counsel and matters *developed at a status hearing recently convened in this matter.*" (Emphasis added.)

I conclude from the above, that the appellant had an opportunity to present his opposition to the motions to dismiss before the circuit court. Also, he was not taken by surprise at the status hearing because he had actual notice of at least Judy Morningstar's motion to dismiss. Further, the fact that by the time the status hearing was held more than two and one-half years had elapsed since his filing of the lawsuit lends further support to my belief that the appellant was not caught off guard by the defendants' motions to dismiss for failure to prosecute.

In conclusion, I would affirm the circuit court because I believe the appellant's own conduct, and not any failure of the circuit court to provide notice, brought about the

dismissal of the appellant's lawsuit. Accordingly, I dissent.