557 S.E.2d 287

Herbert HOWERTON, Plaintiff
Below, Appellant,

v.

TRI–STATE SALVAGE, INC.,
a corporation, Defendant
Below, Appellee.

No. 29640.

Supreme Court of Appeals of
West Virginia.

Submitted Nov. 7, 2001.

Decided Nov. 28, 2001.

234

Richard E. Hardison, Jr., Esq., Harry G. Camper, Jr., Esq., Beckley, for Appellant.

F. Alfred Sines, Jr, Esq., Victoria L. Casey, Esq., Casey & Associates, Charleston, for Appellee.

PER CURIAM.

This matter is before this Court on an appeal from an order entered on October 13, 2000, by the Circuit Court of Raleigh County, denying a motion to reconsider its earlier order denying appellant Herbert Howerton's motion to reinstate his personal injury action against Tri–State Salvage, Inc. ("Tri–State"). The circuit court by order dated February 17, 2000, dismissed the action for failure of the plaintiff, now appellant, to prosecute the case.

I.

Mr. Howerton, the appellant, alleges that on May 21, 1996, he was injured at Tri–State's salvage yard after being pushed into a pile of scrap iron. The appellant often visited Tri–State's salvage yard to exchange salvaged vehicles for money. On May 19, 1998, the appellant filed an action against Tri–State seeking damages for personal injuries that he sustained at Tri–State's place of business. On September 14, 1998, Tri–State was served with the complaint, and on October 14, 1998, Tri–State filed a motion to dismiss the appellant's claim under Rule 12(b)(6) and Rule 56 of the *West Virginia Rules of Civil Procedure*, but did not schedule a hearing on its motion with the trial court.

On December 17, 1999, the trial court filed a notice of intent to dismiss the appellant's claim pursuant to Rule 41(b) of the *West Virginia Rules of Civil Procedure*.[1] Neither

---

1. *W.Va. R.C.P.* Rule 41(b) [1998] provides that:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits.

Any court in which is pending an action wherein for more than one year there has been no order or proceeding, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontinued. The court may direct that such order be published in such newspaper as the court may name. The court may, on motion, reinstate on its trial docket any action dismissed under this rule, and set aside any nonsuit that may [be] entered by reason of the nonappearance of the plaintiff, within three terms after entry of the order of dismissal or nonsuit; but an order of reinstatement shall not be entered until the accrued costs are paid.

Before a court may dismiss an action under Rule 41(b), notice and an opportunity to be heard must be given to all parties of record.

party filed a response to the court's notice of intent to dismiss. Subsequently, on February 17, 2000, the circuit court dismissed appellant's action for failure to prosecute.

On learning that the court had dismissed his case, the appellant filed a motion tó reinstate the action on June 25, 2000. According to the appellant's motion, his counsel did not receive notice of either the circuit court's intent to dismiss the case, or the dismissal order. On July 17, 2000, the trial court held a hearing on the motion for reinstatement.

After considering all of the appellant's arguments, the trial court denied the motion for reinstatement, finding that the appellant had offered insufficient reasons for failure to timely prosecute his case.

On August 23, 2000, the appellant filed a motion for reconsideration of his motion to reinstate, repeating many of the same points that he had raised during the hearing on July 17. In his motion to reconsider, the appellant placed emphasis on the argument that the pendency of the defendant's Rule 12(b)(6) motion prevented him from proceeding with his personal injury claim.

On October 13, 2000, the trial court without a hearing issued an order denying the appellant's motion to reconsider, finding that the pendency of Tri–State's Rule 12(b)(6) motion had no impact on the appellant's ability to pursue the matter diligently, nor did the pendency of the Rule 12(b)(6) motion constitute good cause for the appellant's failure to take any action to advance the claim toward disposition for a period in excess of one year.

The appellant claims that the circuit court abused its discretion in not finding good cause for reinstatement of his personal injury claim.

## II.

Rule 41(b) of the *West Virginia Rules of Civil Procedure* gives circuit courts the power to dismiss cases for failure to prosecute.

■ In *Dimon v. Mansy*, 198 W.Va. 40, 479 S.E.2d 339 (1996), this Court discussed motions to dismiss for failure to prosecute. We held that due process of law requires that specific procedures be followed by a trial court before it can dismiss a plaintiff's action for failure to prosecute. "Before a court may dismiss an action under Rule 41(b), notice and an opportunity to be heard must be given to all parties of record. To the extent that *Brent v. Board of Trustees of Davis & Elkins College*, 173 W.Va. 36, 311 S.E.2d 153 (1983), and any of our previous holdings differ with this ruling, they are expressly overruled." Syllabus Point 2, *Dimon v. Mansy*, 198 W.Va. 40, 479 S.E.2d 339 (1996).

In Syllabus Point 3 of *Dimon*, this Court listed the requirements that must be met before a case can be dismissed under Rule 41(b) for failure to prosecute.

In carrying out the notice and opportunity to be heard requirements, before a case may be dismissed under Rule 41(b), the following guidelines should be followed: First, when a circuit court is contemplating dismissing an action under Rule 41(b), the court must first send a notice of its intent to do so to all counsel of record and to any parties who have appeared and do not have counsel of record.... Second, any party opposing such motion shall serve upon the court and the opposing counsel a response to such motion within fifteen days.... Third, if no motion is made opposing dismissal, ... the court may decide the issue upon the existing record.... Fourth, the plaintiff bears the burden of going forward with evidence as to good cause for not dismissing the action; if the plaintiff does come forward with good cause, the burden then shifts to the defendant to show substantial prejudice to it in allowing the case to proceed; if the defendant does show substantial prejudice, then the burden of production shifts to the plaintiff to establish that the proffered good cause outweighs the prejudice to the defendant. Fifth, the court, in weighing the evidence of good cause and substantial prejudice, should also consider (1) the actual amount of time involved in the dormancy of the case, (2) whether the plaintiff made any inquiries to his or her counsel about the status of the case during the period of dormancy, and (3) other relevant factors bearing on good cause and substantial prejudice. Sixth, if a motion opposing dis-

missal has been served, the court shall make written findings, and issue a written order ... appealable to this Court as a final order.... Seventh, if the plaintiff does not prosecute an appeal of an adverse decision to this Court within the period of time provided by our rules and statutes, the plaintiff may proceed under Rule 41(b)'s three-term rule to seek reinstatement of the case by the circuit court[.] ... Eighth, should a plaintiff seek reinstatement under Rule 41(b), the burden of going forward with the evidence and the burden of persuasion shall be the same as if the plaintiff had responded to the court's initial notice, and a ruling on reinstatement shall be appealable as previously provided by our rule.

Syllabus Point 3, in part, *Dimon v. Mansy*, 198 W.Va. 40, 479 S.E.2d 339 (1996).

■ We stressed in *Dimon* that dismissing a claim for failure to prosecute carries serious implications for a plaintiff, in that it can result in the dismissal of his action with prejudice. *See also Hartman v. Morningstar Bldg. Co., Inc.*, 206 W.Va. 616, 621, 527 S.E.2d 160, 165 (1999).[2] "In formulating the appropriate sanction, a court shall be guided by equitable principles. Initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction. The court must explain its reasons clearly on the record if it decides a sanction is appropriate. To determine what will constitute an appropriate sanction, the court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration of justice, any mitigating circum-

stances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case." Syllabus Point 2, *Bartles v. Hinkle*, 196 W.Va. 381, 472 S.E.2d 827 (W.Va.1996). Because dismissing an action for failure to prosecute is such a harsh sanction, dismissal with prejudice is appropriate only in "flagrant" cases. *Dimon v. Mansy*, 198 W.Va. at 45, 479 S.E.2d at 344. In this case, although the appellant's counsel was less than diligent, the outright dismissal of the appellant's action carries serious implications and is unwarranted in this instance.[3]

■ When dismissing a case under Rule 41(b), in order to preserve the integrity of the judicial process,[4] various interests must be weighed including the interest in judicial efficiency,[5] the rights of plaintiffs to have their day in court, any prejudice that might be suffered by defendants, and the value of deciding cases on their merits. Considering all of these factors, this Court finds that, in this case, the appellant's interest in moving forward with his claim outweighs concerns of judicial efficiency and any prejudice that the defendant may have suffered.

The circuit court erred in refusing to reinstate the appellant's case.

### III.

For the foregoing reasons, we reverse and remand this case for proceedings in accordance with this opinion.

Reversed and Remanded.

2. "Although courts should not set aside default judgments or dismissals without good cause, it is the policy of the law to favor the trial of all cases on their merits." Syllabus Point 2, *McDaniel v. Romano*, 155 W.Va. 875, 190 S.E.2d 8 (1972).

3. "[A] court's authority to issue dismissals as a sanction must be limited by the circumstances and necessity giving rise to its exercise." *Dimon v. Mansy*, 198 W.Va. 40, 45, 479 S.E.2d 339, 344 (W.Va.1996).

4. "The sanction of dismissal with prejudice for the lack of prosecution is most severe to the private litigant and could, if used excessively, disserve the dignitary purpose for which it is invoked. It remains constant in our jurispru-

dence that the dignity of a court derives from the respect accorded its judgment." *Dimon v. Mansy*, 198 W.Va. at 45, 479 S.E.2d at 344.

5. "The power to resort to the dismissal of an action is in the interest of orderly administration of justice because the general control of the judicial business is essential to the trial court if it is to function." *Dimon v. Mansy*, 198 W.Va. at 45, 479 S.E.2d at 344. *See also Brent v. Board of Trustees of Davis and Elkins College*, 173 W.Va. 36, 39, 311 S.E.2d 153, 157 (1983) (Rule 41(b) functions "as a docket-clearing mechanism which enables trial courts to purge themselves of stale cases, while prodding dilatory plaintiffs to proceed to trial.")