# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **The Marriage and Children of J.B. and J.B.**

**No. 17-0689** (Kanawha County 14-D-562)

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Husband J.B., by counsel Todd W. Reed, appeals the Circuit Court of Kanawha County's July 11, 2017, order affirming the family court's May 23, 2017, order dismissing his divorce action.[1] Respondent Wife J.B., by counsel Gregory E. Elliot, filed a response in support of petitioner's appeal. On appeal, petitioner argues that the family court erred in dismissing his divorce action without providing the parties notice or an opportunity to be heard.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court reverses the family court's May 23, 2017, order dismissing petitioner's divorce action and remands the case to the family court for further proceedings. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to resolve the issues presented.

In April of 2014, petitioner filed a petition for divorce from respondent and respondent replied in May of 2014. The family court conducted a hearing in July of 2014 to determine and accept the grounds for divorce. Further, the family court held child support in abeyance and ordered the parties to engage in financial disclosures.

Respondent's counsel terminated his representation on the basis that he was elected family court judge in a neighboring county. The family court permitted counsel to withdraw in November of 2014. The family court scheduled a final hearing in January of 2015, however respondent moved to continue the hearing in order to hire new counsel. The family court granted the motion and continued the final hearing to April of 2015.

In April of 2015, respondent experienced a medical emergency and, in response, petitioner filed an emergency motion to continue the final hearing. The family court granted the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

motion and continued the final hearing until respondent could resume participation in the proceedings. Respondent hired counsel in June of 2015 and indicated that she could resume participation in the proceedings. Respondent moved for discovery and the family court granted her motion.

The family court held a status conference in August of 2015 and respondent indicated that she was experiencing difficulties in securing specific financial information regarding petitioner's state retirement benefits. The family court ordered the parties to cooperate in discovery exchanges and scheduled a final hearing when discovery was completed. According to the parties, reciprocal discovery disclosures continued informally throughout 2015, 2016, and into 2017.

On May 23, 2017, the family court dismissed the case by its own motion on the basis of a lack of activity for more than one year. According to the parties, the family court did not hold a hearing on the motion or otherwise give the parties an opportunity to explain the inactivity before dismissing the case. Petitioner filed a motion for reconsideration that detailed the discovery issues the parties faced and the recent status of those issues. The family court denied the motion to reconsider and in its denial stated, "due diligence was not observed in the processing of this case."

Petitioner filed a petition for appellate review to the circuit court in June of 2017. The circuit court affirmed the family court's order in its July 11, 2017, order. Petitioner now appeals these orders.

This Court has previously established the following standard of review:

"In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*."

Syl. Pt. 1, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

On appeal, petitioner argues that the family court erred in dismissing his divorce action without providing the parties notice or an opportunity to be heard. Petitioner argues that Rule 22(e) of the West Virginia Rules of Practice and Procedure for Family Court requires that the family court provide notice and an opportunity to be heard before dismissing an action. Respondent concurs with petitioner on appeal. We agree with the parties and find that the family court erred.

Rule 22(e) of the Rules of Practice and Procedure for Family Court provides as follows:

In any action which is pending for more than one year where there has been no order or proceeding . . . the court may, in its discretion, order such action to be stricken from its docket; and it shall thereby be discontinued. The court may direct that the order be published in such newspaper named by the court. The

2

court may, on motion, reinstate on its docket any action dismissed under this rule, within one year after entry of the dismissal order. . . . Before a court may dismiss an action under this Rule, *notice and an opportunity to be heard must be given to all parties of record.* (emphasis added).

It is clear from the record provided that the family court did not provide the parties notice or an opportunity to be heard before dismissing this action on its own motion. Rule 22(e) requires that both notice and an opportunity to be heard be provided. We find that the language emphasized above in Rule 22(e) is the same language used in Rule 41(b) of the West Virginia Rules of Civil Procedure.[2] We have previously expounded on the procedural protections afforded by Rule 41(b), which includes that the presiding court must provide notice of its intent to dismiss an actions and give the parties an opportunity to object. *See* Syl. Pt. 3, *Dimon v. Mansy*, 198 W.Va. 40, 479 S.E.2d 339 (1996). Additionally, this Court has held that a presiding court's failure to provide these procedural protections constitutes reversible error. *See Hartman v. Morningstar Bldg. Co. Inc.*, 206 W.Va. 616, 527 S.E.2d 160 (1999) (reversing a circuit court's dismissal order after it failed to provide notice of its intent to rule on motions to dismiss). Accordingly, we find that the family court's failure to notice the parties of its intent to dismiss the action is reversible error.

For the foregoing reasons, the circuit court's July 11, 2017, order and the family court's May 23, 2017, order dismissing this action are hereby reversed. This action is remanded to the family court for further proceedings consistent with the Rules of Practice and Procedure for Family Court.

Reversed and Remanded.

**ISSUED:** October 12, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.

---

[2]The relevant portion of Rule 41(b) of the Rules of Civil Procedure reads "[b]efore a court may dismiss an action under Rule 41(b), notice and opportunity to be heard must be given to all parties of record."