# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**BELINDA K. LAWRENCE,**
**Plaintiff Below, Petitioner**

**vs.) No. 22-ICA-161**     (Cir. Ct. of Kanawha Cnty. No. 19-C-129)

**LATASHA L. SMITH,**
**Defendant Below, Respondent**

**FILED**
**May 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Belinda K. Lawrence appeals the September 6, 2022, order from the Circuit Court of Kanawha County that dismissed her civil action for failure to prosecute. Respondent Latasha L. Smith timely filed a response in support of the circuit court's order.[1] Ms. Lawrence filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision but no substantial question of law. As explained below, we find that the circuit court failed to give the parties notice of its intent to dismiss the case and an opportunity to be heard, as required by Rule 41(b) of the West Virginia Rules of Civil Procedure.[2] Therefore, a memorandum decision reversing the circuit court's order and remanding the matter with directions is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure.

The sole issue on appeal is whether the circuit court erred in its dismissal of Ms. Lawrence's civil action pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure.[3] As such, our recitation of the facts and procedural history of this case are brief.

---

[1] In this appeal, both parties are self-represented.

[2] Generally, this rule provides, in part, that before a court may dismiss an action for failure to prosecute under Rule 41(b), "notice and an opportunity to be heard must be given to all parties of record."

[3] From the outset, we note that Ms. Lawrence's appeal also sets forth grounds arguing the merits of her civil action. However, as previously indicated, our appellate review is limited solely to Ms. Lawrence's argument that the circuit court erred in dismissing her case.

1

On February 8, 2019, Ms. Lawrence, self-represented, filed a complaint in the Circuit Court of Kanawha County against Ms. Smith. Based on the complaint, it appears Ms. Lawrence sought, at least in part, to recover monetary damages based on allegations of civil trespass and other property damage. Between February 25, 2019, and April 1, 2021, there were multiple unsuccessful attempts made to obtain personal service upon Ms. Smith. Ultimately, service was perfected on April 1, 2021, and Ms. Smith filed her answer on April 7, 2021.[4] Thereafter, the case remained dormant until September 6, 2022, when the circuit court entered a one-page order dismissing the case based upon Ms. Lawrence's failure to prosecute her action. *See* W. Va. R. Civ. P. 41(b). This appeal followed.

On appeal, we apply the same standard of review set forth by our Supreme Court of Appeals:

> We review a circuit court's order dismissing a case for inactivity pursuant to Rule 41(b) under an abuse of discretion standard. Traditionally, our scope of review, even where reinstatement of an action which is dismissed for failure to prosecute is timely sought, is limited. It is only where there is a clear showing of an abuse of discretion that reversal is proper. Only where we are left with a firm conviction that an error has been committed may we legitimately overturn a lower court's discretionary ruling.

*Caruso v. Pearce*, 223 W. Va. 544, 547, 678 S.E.2d 50, 53 (2009) (citation omitted).

At the heart of this appeal is Rule 41(b) of the West Virginia Rules of Civil Procedure, which provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits.

> Any court in which is pending an action wherein for more than one year there has been no order or proceeding, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontinued. The court may

---

[4] We acknowledge the significant time lapse between the filing of the complaint and perfection of service; however, at no time did the circuit court issue a notice of intent to dismiss the case for failure to perfect service within 120 days as required by Rule 4(k) of the West Virginia Rules of Civil Procedure.

direct that such order be published in such newspaper as the court may name. The court may, on motion, reinstate on its trial docket any action dismissed under this rule, and set aside any nonsuit that may be entered by reason of the nonappearance of the plaintiff, within three terms after entry of the order of dismissal or nonsuit; but an order of reinstatement shall not be entered until the accrued costs are paid.

Before a court may dismiss an action under Rule 41(b), notice and an opportunity to be heard must be given to all parties of record.

W. Va. R. Civ. P. 41(b).

In its order, the circuit court stated it was dismissing the matter on its own motion because there had been no activity in the case for more than one year. However, critically absent from the record is any evidence of notice to the parties of the circuit court's intention to dismiss the case prior to its entry of the dismissal order. Therefore, we find that the circuit court's order is fatally flawed due to its failure to provide the parties notice and an opportunity to be heard.

The language of Rule 41(b) unequivocally states that as a prerequisite to a court's dismissal, notice and an opportunity to be heard must be given to all parties of record. Moreover, in Syllabus Point 2 of *Dimon v. Mansy*, 198 W. Va. 40, 43, 479 S.E.2d 339, 342 (1996), our state's highest court held:

> Before a court may dismiss an action under Rule 41(b), notice and an opportunity to be heard must be given to all parties of record. To the extent that *Brent v. Board of Trustees of Davis & Elkins College,* 173 W.Va. 36, 311 S.E.2d 153 (1983), and any of our previous holdings differ with this ruling, they are expressly overruled.

Likewise, *Dimon* also established specific guidelines for circuit courts to follow when contemplating dismissal under this rule. *See Id.* at 43, 479 S.E.2d at 342, syl. pt. 3.

Here, we find the record in this case clearly establishes that the circuit court failed to provide the parties with notice and an opportunity to be heard as required by law. As such, we conclude that the circuit court abused its discretion by dismissing the case without first affording the parties their right to procedural due process.

Accordingly, we reverse the circuit court's order, and remand this matter to the Circuit Court of Kanawha County with directions to provide the parties with proper notice and an opportunity to be heard prior to determining, in accordance with guidelines set forth in *Dimon*, whether dismissal of the matter pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure is appropriate.

Reversed and Remanded with Directions.

**ISSUED:** May 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen