419 S.E.2d 896

**Charlene VAN PELT, Plaintiff Below, Appellant,**

v.

**RENT–A–CENTER, INC., Defendant Below, Appellee.**

No. 20649.

Supreme Court of Appeals of West Virginia.

Submitted May 6, 1992.

Decided July 14, 1992.

**484**

G. Patrick Stanton, Stanton & Stanton, Fairmont, for appellant.

Beverly D. Kerr, Jackson & Kelly, Morgantown, for appellee.

## PER CURIAM:

The plaintiff below, Charlene Van Pelt, appeals a February 15, 1991 final order of the Circuit Court of Marion County denying the plaintiff's motion to reinstate her civil action against the defendant, Rent–A–Center, Inc. The trial court had previously dismissed the suit based upon plaintiff's counsel's failure to appear for trial.

Jury selection for this case was originally set for 9:00 a.m. on July 11, 1990.[1] The case was not called on July 11, 1990. Counsel for the plaintiff contends that he then appeared in the Circuit Court of Marion County on July 12, 1990 to select a jury for this case. Counsel for the plaintiff asserts that he had scheduled other engagements on July 12, 1990 in the belief that jury selection was to take place on July 11, 1990. Counsel for the plaintiff contends that he advised court officials of his situation and periodically checked on the progress of the trial court's docket. He also left messages with "proper court personnel" as to his whereabouts should the case be called.

Plaintiff's counsel states that he attended a previously scheduled meeting in his law office across the street from the Circuit Court of Marion County after learning that "there were at least three (3) or four (4) more cases which needed to impanel juries" before the plaintiff's case would be called. According to plaintiff's counsel, this meeting lasted thirty to forty-five minutes. Following the meeting, he returned to the Circuit Court of Marion County and learned that the instant case had been called for jury selection and thereafter dismissed for failure to prosecute on the part of the plaintiff. Plaintiff's counsel contends that no attempt was made to notify him prior to the dismissal of this action.

Counsel for the appellee asserts that she was present in the Circuit Court of Marion County "at all times" on July 12, 1990 and, contrary to appellant's counsel's assertions, "[a]t no time on this day was appellant's counsel or appellant present in the courtroom."

The record before us reveals only that the clerk of the circuit court called the instant case for trial on July 12, 1990 and the trial court asked whether counsel for the plaintiff was present. The record indicates a "negative response" to the trial court's question. Counsel for the defendant then moved that the action be dismissed for failure to prosecute on behalf of the plaintiff. The trial court instructed the bailiff to call the name of plaintiff's counsel three times "in the hallways." The record shows that the bailiff thrice called the name of plaintiff's counsel and then informed the trial court that there had been no response.[2] The trial court then stated,

1. Counsel for appellee explains that the Circuit Court of Marion County does not conduct jury selection immediately preceding each trial, but rather conducts jury selection for *all* cases called in a particular term of Court during a one or two-day period. As counsel for appellee explains in her brief:

> The Sixteenth Judicial Circuit conducts jury selection for all cases that have been called for trial for a particular term of Court during a one or two day period. All members of the jury panel are called to the Court for those one or two days. By letter, the Court notifies counsel for all parties involved in those civil

actions on the docket to be present on the day of jury selection at 9:00 a.m. and to, 'Please be prepared to proceed on time with your case on this date.' The Court, by using a printed docket of all cases, then proceeds with jury selection in each civil action that has been called for trial.

2. Counsel for the defendant asserts that a bench conference was held where the trial court "indicated it would entertain a motion to dismiss this action for failure to prosecute." There is nothing in the one-page record of the July 12, 1990

"The attorney for the plaintiff is not present. The motion is granted." On July 16, 1990, the trial court entered an order dismissing the suit, with prejudice.

On July 26, 1990, the plaintiff filed a motion to reinstate the suit with the trial court. Plaintiff's counsel argued that (1) no notice of a motion for failure to select a jury was served upon the plaintiff or plaintiff's counsel; (2) no dismissal was necessary because counsel for the defendant was present for jury selection and jury selection should have proceeded without counsel for the plaintiff; and (3) that dismissal is an extreme sanction and should only be granted in extreme situations and as a last resort. The defendant's response argued that it was within the discretion of the trial court to grant or deny the defendant's motion to dismiss.

After hearing arguments on the plaintiff's motion to reinstate on September 18, 1990, the trial court entered an order on February 15, 1991, denying the plaintiff's motion to reinstate her suit. The trial court found that:

> Although counsel for Defendant was present the entire day on July 11, 1990, waiting for Plaintiff and her counsel to appear, and further returned on July 12, 1990 to wait to select a jury for trial, neither Plaintiff nor her counsel appeared.
>
> After attempting to contact Plaintiff's counsel with no response, the Court, at the conclusion of all other jury selections, discharged the jury panel and entertained a Motion to Dismiss the above-styled cases for failure to prosecute, which was granted by Order of this Court entered on July 16, 1990.

This appeal followed.

Upon appeal, the plaintiff argues that the trial court "exceeded its legitimate authority by granting defendant's motion to dismiss and in denying plaintiff's motion to reinstate." The plaintiff bases her argument on Rule 60(b) of *W.Va.R.Civ.P.*, although this argument was not made before the trial court in support of her motion to reinstate. The defendant argues that the

dismissal order was within the trial court's discretion, and that the circumstances of this case do not meet the standards of *W.Va.R.Civ.P.* 60(b). Because the factual record before this Court is incomplete, and because no motion was made nor hearing held to determine the sufficiency of the plaintiff's arguments under *W.Va.R.Civ.P.* 60(b), we remand this case to the trial court for a hearing on the merits of the plaintiff's arguments under Rule 60(b).

We recently addressed this very issue in *Davis v. Sheppe*, 187 W.Va. 194, 417 S.E.2d 113 (1992). In that case, we held in syllabus point 1: "A motion under Rule 60(b) of the West Virginia Rules of Civil Procedure is the appropriate remedy to utilize when a plaintiff's case is dismissed because of the plaintiff's failure to appear for trial." We noted that "[f]rom a procedural standpoint, this is preferred to a direct appeal because, in a Rule 60(b) hearing, a record can be developed as to the circumstances surrounding the dismissal. This provides a proper fact basis for appellate review." *Davis*, 187 W.Va. at 196, 417 S.E.2d at 115.

In the instant case, no Rule 60(b) hearing was held. We have before us only the contradictory assertions of counsel in their briefs concerning the circumstances surrounding the dismissal. We have no "proper fact basis" upon which to conduct appellate review. Therefore, this case must be remanded to the trial court in order that a Rule 60(b) hearing may be held, and a record developed as to the circumstances surrounding the dismissal.

We are compelled to note that in *Davis* we also held, in syllabus point 2: "The circuit court's power to dismiss a plaintiff's case for failure to appear at trial arises under Rule 41(b) of the West Virginia Rules of Civil Procedure, which permits the dismissal of a case for failure to prosecute." In *Davis*, we went on to review the holding of the Fourth Circuit Court of Appeals in *Reizakis v. Loy*, 490 F.2d 1132 (4th Cir.1974). We stated:

hearing indicating that a bench conference was held.

The Fourth Circuit [outlined] the scope of Rule 41(b) of the Federal Rules of Civil Procedure[3] and the various considerations that come into play in determining whether the case should be dismissed:

'A district court unquestionably has authority to grant a motion to dismiss for want of prosecution. Fed.R.Civ.P. 41(b). Indeed, as the Supreme Court held in *Link v. Wabash R. R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the trial court can take such action on its own motion. But courts interpreting the rule uniformly hold that it cannot be automatically or mechanically applied. Against the power to prevent delays must be weighed the sound public policy of deciding cases on their merits.... While the propriety of dismissal ultimately turns on the facts of each case, criteria for judging whether the discretion of the trial court has been soundly exercised have been stated frequently. Rightfully, courts are reluctant to punish a client for the behavior of his lawyer.... Therefore, in situations where a party is not responsible for the fault of his attorney, dismissal may be invoked only in extreme circumstances.... Indeed, it has been observed that "[t]he decided cases, while noting that dismissal is a discretionary matter, have generally permitted it only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir.1967). Appellate courts frequently have found abuse of discretion when trial courts failed to apply sanctions less severe than dismissal.... And generally lack of prejudice to the defendant, though not a bar to dismissal, is a factor that must be considered in determining whether the trial court exercised sound discretion.' 490 F.2d at 1135. (Citations omitted).

*Davis*, 187 W.Va. at 197, 417 S.E.2d at 116.

We must further note that in syllabus point 3 of *Davis*, we held that: " 'Although courts should not set aside default judgments or dismissals without good cause, it is the policy of the law to favor the trial of all cases on their merits.' Syllabus Point 2, *McDaniel v. Romano*, 155 W.Va. 875, 190 S.E.2d 8 (1972)."

In *Davis*, we specifically held that: "In view of the fact that we have not had occasion to hold that a Rule 60(b) motion should be used upon a dismissal of a plaintiff's case for failure to prosecute when there has been a failure to appear at trial, we do not penalize the plaintiff in this case for failing to file such a motion." We therefore remanded that case with directions that the plaintiff's counsel be permitted to file a Rule 60(b) motion, and ordered the trial court to conduct a hearing and to make a decision under the guidelines stated therein.

Our holding in *Davis* occurred after the filing of this appeal. In this case then, as in *Davis*, we do not penalize the plaintiff for her failure to file a Rule 60(b) motion. This case should be remanded to the Circuit Court of Marion County with directions that the plaintiff's counsel be given an opportunity to file a Rule 60(b) motion. The circuit court should then conduct a hearing on the motion and make a decision under the guidelines set out in *Davis* and reiterated in this opinion.

Based upon the foregoing, the judgment of the Circuit Court of Marion County is reversed, and this case is remanded with directions for further proceedings.

Reversed and remanded with directions.

---

**3.** Rule 41(b) of the *Federal Rules of Civil Procedure* states, in pertinent part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."