556 S.E.2d 815

**Lee Roy ANDERSON, Plaintiff Below, Appellant,**

v.

**Wayne KING, Defendant Below, Appellee.**

No. 29286.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 18, 2001.

Decided Nov. 27, 2001.

William W. Pepper, Esq., Matthew J. Hayes, Esq., Pepper, Nason & Hayes, Charleston, West Virginia, Attorneys for Appellant.

James Wilson Douglas, Esq., Sutton, West Virginia, Attorney for Appellee.

PER CURIAM:

In this appeal, the appellant, Lee Roy Anderson, claims that the Circuit Court of Calhoun County should have reinstated an action which the court dismissed because of Mr. Anderson's failure to prosecute. Mr. Anderson claims that he reasonably did prosecute the action, that any delay was excusable, and that consequently the court's failure to reinstate constituted an abuse of discretion.

I.

FACTS

The appellee in this proceeding, Wayne King, is an attorney who searched the title to property which the appellant, Lee Roy Anderson, purchased in 1986. In performing the title search, Mr. King overlooked certain judgment liens which were recorded against a prior owner. He also failed to note those judgment liens in a title opinion letter which he issued on August 29, 1986. Subsequently, the judgment creditor instituted a legal proceeding to foreclose the liens, and, as a result

of the proceeding, Mr. Anderson lost his property.

After losing his property, Mr. Anderson, in September 1991, instituted the present malpractice proceeding against Mr. King in the Circuit Court of Calhoun County. Mr. King filed an answer, and the parties undertook substantial discovery. The discovery included the taking of at least three depositions, the submission by Mr. Anderson of the plaintiff's first request for admissions, as well as the submission by Mr. Anderson of the plaintiff's first set of interrogatories and request for production of documents.

On September 7, 1994, the Circuit Court of Calhoun County conducted a hearing for the entry of a scheduling order in the case. After the hearing, an order was entered which fixed January 17, 1994[sic] [actually 1995], the date for trial. The order also required the parties to exchange witness lists, which they later did.

Prior to the trial of the case on January 17, 1995, the court, on its own motion, continued the trial date, from January 17, 1995, until May 9, 1995.

In preparation for the May 9, 1995, trial, Mr. Anderson procured the issuance of subpoenas, but the case was again continued by the court, on its own motion, this time until September 19, 1995.

In preparation for the September 19, 1995, trial, Mr. Anderson again procured the issuance of subpoenas, but again the case was continued by the court.

Shortly after the third continuance of the case, the attorney who had been handling the matter left the firm which was technically representing Mr. Anderson, and apparently no further action was taken in the case until May 1997, when the circuit court decided to dismiss it from its docket because of Mr. Anderson's failure to prosecute.

When the court decided to dismiss the action, the Clerk of the Circuit Court of Calhoun County, on May 12, 1997, mailed a notice of intent to dismiss to the attorney who had previously represented Mr. Anderson. It appears that this notice was never received by the attorney, and neither the attorney, nor Mr. Anderson, took any action to resist the dismissal. As a consequence, on June 4, 1997, the Circuit Court of Calhoun County dismissed the action.

After learning of the dismissal, another attorney, acting for Mr. Anderson, timely filed a motion for reinstatement of the case. Among other things, the attorney notified the circuit court that the notice of intent to dismiss had not been received by counsel for Mr. Anderson. The new attorney also later filed a supplemental motion to reinstate the action.

Before the circuit court ruled on the motions to reinstate, the Circuit Clerk of Calhoun County, on July 20, 2000, mailed a second notice of intent to dismiss which was received by Mr. Anderson's new attorney.

A hearing was held on the reinstatement by the Circuit Court of Calhoun County on September 6, 2000. At the conclusion of that hearing, the court denied both motions to reinstate, and on September 15, 2000, entered an order reflecting this decision. The court entered a second order of dismissal on September 20, 2000.

In the present proceeding, Mr. Anderson claims that under the circumstances of this case, the trial court abused its discretion in refusing to reinstate his action.

## II.

## STANDARD OF REVIEW

In *Dimon v. Mansy*, 198 W.Va. 40, 46, 479 S.E.2d 339, 345 (1996), this Court stated: "Traditionally, our scope of review, even where reinstatement [of an action which is dismissed for failure to prosecute] is timely sought, is limited. It is only where there is a clear showing of an abuse of discretion that reversal is proper."

## III.

## DISCUSSION

It appears that the circuit court dismissed the present case pursuant to the provisions of W. Va.Code 56-8-9. That statute provides that:

Any court in which is pending any case wherein for more than one year there has been no order or proceeding but to continue it, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such case to be struck from its docket; and it shall thereby be discontinued. A court making such order may direct it to be published in such newspaper as it may name.

Rule 41(b) of the West Virginia Rules of Civil Procedure follows and supplements this statutory provision. Rule 41(b) provides, in part:

Any court in which is pending an action wherein for more than one year there has been no order or proceeding, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontinued. The court may direct that such order be published in such newspaper as the court may name. The court may, on motion, reinstate on its trial docket any action dismissed under this rule, and set aside any nonsuit that may [be] entered by reason of the nonappearance of the plaintiff, within three terms after entry of the order of dismissal or nonsuit; but an order of reinstatement shall not be entered until the accrued costs are paid.

In *Dimon v. Mansy, supra*, this Court discussed at length the provisions relating to the dismissal and reinstatement of civil actions for failure to prosecute. In that case, the Court indicated that dismissal for failure to prosecute is a harsh sanction and that because of its harshness, dismissal should be considered appropriate only in flagrant cases. Similarly, in *Gray v. Johnson*, 165 W.Va. 156, 267 S.E.2d 615 (1980), this Court stated that a dismissal for failure to prosecute should occur only where there is a lack of diligence by a plaintiff and demonstrable prejudice to a defendant. Further, whether the plaintiff was diligent must be determined on an *ad hoc* basis, after a careful examination of the factors contributing to the delay.

■ In Syllabus Point 1 of *Dimon v. Mansy*, the Court, in speaking of when reinstatement was appropriate, reiterated Syllabus Point 1 of *Brent v. Board of Trustees of Davis & Elkins College*, 173 W.Va. 36, 311 S.E.2d 153 (1983). That syllabus point provides that: "Under *W.Va.R.Civ.P.* 41(b), in order to reinstate a cause of action which has been dismissed for failure to prosecute, the plaintiff must move for reinstatement within three terms of entry of the dismissal order and make a showing of good cause which adequately excuses his neglect in prosecution of the case."

Finally, in *Dimon v. Mansy, supra*, the Court indicated that if a party showed good cause for not prosecuting an action, the court should not reinstate the action if substantial prejudice would result to the other party.

■ In the present case, there is no dispute that Mr. Anderson filed his motion to reinstate his action within three terms of court after entry of the initial dismissal order. In fact, the record indicates that he filed the motion within a few days after the court dismissed the action on June 4, 1997. Thus, the real question is whether Mr. Anderson made a showing of good cause adequately excusing his failure to prosecute the case.

The record shows that prior to the dismissal, Mr. Anderson had taken substantial action to prosecute the case. Depositions had been taken, and Mr. Anderson had made requests for admissions and requests for the production of documents. It appears that the case was repeatedly continued by the circuit court *sua sponte*, and prior to at least two of the continuances, Mr. Anderson apparently procured the issuance of subpoenas to compel the attendance of witnesses.

In this Court's view, all this shows that over a period of four years, from September 1991 through September 1995, Mr. Anderson did prosecute the action and apparently was prepared to try the issues raised, but was frustrated in completing the prosecution by the actions of the court itself. The passage of that time period cannot be attributed to any lack of diligence on Mr. Anderson's part.

Although there appears to have been no action for a year after the last continuance, that the attorney representing Mr. Anderson

left the firm representing him, and the record suggests that Mr. Anderson's further delay in prosecuting the case was occasioned by the attorney's departure. The departing attorney had apparently been prepared to try the case, and his failure to try it had not been occasioned by inaction on his part, or on the part of Mr. Anderson, but had been occasioned by the court's continuance of the case. Again, under the particular facts of the case, the Court cannot conclude that there was a lack of diligence on Mr. Anderson's part.

Under these overall peculiar circumstances of this case, Mr. Anderson's conduct cannot be considered flagrant, and where he did advance good reasons for not prosecuting the case, this Court believes that the circuit judge clearly abused his discretion and should have reinstated this action.

The Court notes that the appellee, Mr. King, argues that he will be substantially prejudiced if this case is reinstated because Mr. Anderson's former wife is missing and may be a material witness. It appears to the Court that the questions in the present case are whether Mr. King searched a title for Mr. Anderson, whether there were judgment liens against the title at the time the title was searched, whether Mr. King discovered those judgment liens in doing the title search, whether his opinion letter revealed those judgment liens, and whether Mr. Anderson lost his property as a result of the failure of Mr. King to refer to the judgment liens in the opinion letter. These questions could be largely resolved by documentary evidence, and the Court cannot see how the presence of Mr. Anderson's former wife could alter what the documentary evidence would show or how her absence would prejudice Mr. King's case.

The judgment of the Circuit Court of Calhoun County is, therefore, reversed, and this case is remanded with directions that the circuit court reinstate the case on its docket.

Reversed and remanded with directions.