# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

April 25, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Brandi Meade,**
**Plaintiff Below, Petitioner**

**vs) No. 13-0983** (Kanawha County 10-C-1942)

**West Virginia Division of Corrections and**
**C.O. Rees, Defendants Below, Respondents**


## MEMORANDUM DECISION

Petitioner Brandi Meade, by counsel Michael A. Woelfel, appeals the Circuit Court of Kanawha County's "Order Denying Plaintiff's Motion for Reinstatement per W.Va. R. Civ. P. 41(b)" entered on August 6, 2013. Respondent West Virginia Division of Corrections ("DOC"), by counsel Lou Ann S. Cyrus and Kimberly M. Bandy, filed a response. Respondent C.O. David Rees ("Rees"), by counsel John P. Fuller and Suleiman Oko-ogua, also filed a response. Petitioner did not file a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 29, 2010, petitioner filed a civil action against the DOC and three correctional officers, Rees, C.O. Crawford, and C.O. Smithson.[1] Petitioner alleged that she was sexually harassed and abused while she was an inmate at Lakin Correctional Center, a facility operated by the DOC.[2] At the time of the alleged misconduct, Rees, Crawford, and Smithson were employed by the DOC.

On February 22, 2011, Rees filed his answer, a motion to dismiss, and served petitioner with discovery requests. Petitioner responded to Rees's discovery requests on March 25, 2011.

---

[1] Petitioner never served C.O. Crawford and C.O. Smithson. They were dismissed by order of the circuit court, entered June 6, 2013, pursuant to Rule 4(k) of the West Virginia Rules of Civil Procedure, which requires service within 120 days of the filing of the complaint. The dismissal of C.O. Crawford and C.O. Smithson is not presently before this Court.

[2] Petitioner's complaint does not contain specific allegations detailing the alleged harassment and abuse.

1

On April 1, 2011, the DOC served petitioner with its discovery requests, and petitioner responded on May 5, 2011. Nothing further occurred in the case relating to petitioner's claims against the DOC and Rees until June 25, 2012, when Rees filed his motion to dismiss for failure to prosecute pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure.[3] Thereafter, on June 27, 2012, petitioner served the DOC and Rees with her discovery requests. The DOC then filed its motion to dismiss on July 18, 2012, arguing, inter alia, inactivity pursuant to Rule 41(b).[4] Petitioner filed a response to Rees's motion to dismiss.

The circuit court conducted a hearing on the DOC's and Rees's motions to dismiss on February 26, 2013, at which all parties appeared by counsel. At the hearing, petitioner's counsel explained the inactivity as follows:

> MR. WOELFEL:     Thank you, Your Honor.
>
> With all due respect to Mr. Fuller's position, Your Honor, we have moved for a scheduling order in this case, and I know you haven't really called that motion yet, but this was – this was a matter that did sort of slip through the cracks in our office.

---

[3]Rule 41(b) provides as follows:

> (b) Involuntary dismissal; effect thereof**. -** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits.
>
> Any court in which is pending an action wherein for more than one year there has been no order or proceeding, or wherein the plaintiff is delinquent in the payment of accrued court costs, may, in its discretion, order such action to be struck from its docket; and it shall thereby be discontinued. The court may direct that such order be published in such newspaper as the court may name. The court may, on motion, reinstate on its trial docket any action dismissed under this rule, and set aside any nonsuit that may [be] entered by reason of the nonappearance of the plaintiff, within three terms after entry of the order of dismissal or nonsuit; but an order of reinstatement shall not be entered until the accrued costs are paid.
>
> Before a court may dismiss an action under Rule 41(b), notice and an opportunity to be heard must be given to all parties of record.

[4]The DOC also moved to dismiss for failure to serve indispensable parties, namely, Crawford and Smithson.

There's no prejudice that's been demonstrated by either of the defendants. We did file our discovery back in June of last year, and we would like the Court to enter a scheduling order, set the case for trial. We're ready to go.

And there was a lack of communication between Ms. Meade and I for a period of time, and, in part, that accounts for the delay.

Otherwise, you know, I think the Court has its discretion to do as you see fit. We urge you to go ahead and enter a scheduling order, move the case forward.

And if you do dismiss the case and grant their motions, we ask that it be without prejudice.

After hearing the arguments of counsel, the circuit court granted the DOC's and Rees's respective motions to dismiss pursuant to Rule 41(b). However, a question arose during the hearing about whether the dismissal was with prejudice. In response to petitioner's counsel's question in this respect, the circuit court stated:

THE COURT:    I don't believe it's on the merits of the case; it's just simply that no action has been filed within a one-year period.

\*\*\*

MR. FULLER:    Your Honor, just to be clear, so I get the right language in the order, Rule 41 provides that unless the Court in its order for dismissal otherwise specifically – specifies a dismissal under the subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication on the merits.

You're specifically finding that it's not –

THE COURT:    (Interposing.)  It's not – I have not heard the merits of this case.

Okay?

MR. FULLER:    I just want to make sure my order is clear, Your Honor.

THE COURT:    Okay.

Rees's counsel drafted a proposed order regarding the circuit court's February 26, 2013, ruling and circulated it among the parties. Petitioner's counsel did not sign it. On or about April 22, 2013, petitioner filed a motion to reinstate her civil action contending that good cause existed for the reinstatement of the case due to (1) lack of diligence by a staff member of Woelfel & Woelfel, LLP, who failed to direct discovery requests in a timely manner; (2) counsel's inability to serve Crawford and Smithson within 120 days of filing the complaint; and (3) the court's failure to enter a scheduling order. The DOC and Rees filed responses to petitioner's motion to reinstate her case.

3

On May 22, 2013, Rees filed a "Motion for Entry of an Order regarding the Court's Ruling of February 26, 2013, on various Defendants' Motions Pursuant to Rule 41(b)" and attached a proposed final order. However, the circuit court did not enter Rees's proposed order. Instead, on August 6, 2013, without hearing, the circuit court entered its "Order Denying Plaintiff's Motion for Reinstatement per W.Va. R. Civ. P. 41(b)."[5] The order does not state whether the dismissal of petitioner's case was with prejudice. Petitioner now appeals to this Court.

We review a circuit court's order dismissing a case for inactivity pursuant to Rule 41(b) under an abuse of discretion standard. *See Caruso v. Pearce,* 223 W.Va. 544, 678 S.E.2d 50 (2009). A lower court's discretionary ruling may only be overturned where this Court is left with a "firm conviction that an error has been committed." *Covington v. Smith,* 213 W.Va. 309, 322, 582 S.E.2d 756, 769 (2003).

The first of petitioner's four assignments of error is that the circuit court abused its discretion in dismissing her case because she established good cause for the inactivity.

> [T]he determination whether the plaintiff has failed to move the case in a reasonable manner is a discretionary call for the circuit court. The power to resort to the dismissal of an action is in the interest of orderly administration of justice because the general control of the judicial business is essential to the trial court if it is to function. To this extent, Rule 41(b) is still good law in that granting authority to trial judges to control their dockets through dismissals is consistent, not debilitative, of sound judicial administration. It is equally clear that it is the plaintiff's obligation to move his or her case to trial, and where the plaintiff fails to do so in a reasonable manner, the case may be dismissed as a sanction for the unjustified delay. To be clear, we squarely hold that a plaintiff has a continuing duty to monitor a case from the filing until the final judgment, and where he or she fails to do so, the plaintiff acts at his or her own peril.

*Dimon v. Mansy,* 198 W.Va. 40, 45, 479 S.E.2d 339, 344 (1996).

We note that in her reply in support of her motion to reinstate her case before the circuit court, petitioner offers an explanation for the inactivity that is different than what her counsel argued at the February 26, 2013, hearing. She reiterates this explanation in her brief to this Court. She states that she attempted suicide twice between Christmas of 2011 and January of 2012. She states that she then overdosed on heroine in February of 2012, requiring hospitalization until May of 2012. She states that she underwent treatment through August of 2012, and has remained clean and sober since. Petitioner also argues that the prosecution and defense of the case were ongoing at the time of respondents' motions to dismiss as evidenced by the fact that she had previously signed authorizations at DOC's request to permit inquiry into her health history.

---

[5]The circuit court never entered an order memorializing its February 26, 2013, ruling from the bench.

Upon a consideration of the record on appeal, we find no merit to petitioner's arguments for her first assignment of error. The record demonstrates that between the time petitioner answered discovery and the filing of the first motion to dismiss, she took no action whatsoever to prosecute her case. The DOC requested records from third parties during this time period based solely on the authorization signed by petitioner on April 24, 2011, prior to her answering discovery. Clearly, the period of inactivity exceeded one year. As for the personal circumstances that petitioner belatedly claims constitute good cause for the inactivity, she was represented by counsel throughout the pendency of her lawsuit, and her counsel had the ability to seek a stay in the case to protect petitioner's interests. He did not do so. In fact, petitioner does not identify any activity that would have been pursued in the case if it were not for her personal circumstances in 2011 and 2012. All that is left by way of explanation is her counsel's assertion at the February 26, 2013, hearing that the case "slip[ped] through the cracks" in his office. Therefore, we cannot find that the circuit court abused its discretion in failing to find good cause for the inactivity in the case.[6]

In her second assignment of error, petitioner argues that the circuit court misconstrued the term "proceeding" in Rule 41(b). Petitioner relies on *Millar v. Whittington, et al.,* 87 W.Va. 664, 667, 105 S.E. 907, 908 (1921), which held that "[t]he term proceeding, as applied to suits, means any step or measure taken in the prosecution or defense of an action." Petitioner argues that because the DOC obtained authorizations from petitioner to investigate petitioner's alleged damages claim, the period of dormancy was less than one year. We disagree. The DOC obtained medical records based on the single release signed by petitioner on April 24, 2011, outside of the one-year period of inactivity. Additional authorizations were sought in January 2013, after the 41(b) motions were filed.

Nevertheless, we do not believe this matter hinges on an interpretation of "proceeding." Rule 41(b) allows for involuntary dismissal in more than one manner. The manner at issue in this case is "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Interpretation of the term "proceeding" is not necessary to this determination. Rather, the dismissal was based on petitioner's failure to prosecute her own case. Therefore, we reject petitioner's second assignment of error.

Third, petitioner argues that the circuit court abused its discretion by failing to enter a

---

[6]Because we find that petitioner failed to demonstrate good cause for the inactivity, the burden to show prejudice never shifted to respondents. We have held that

> the plaintiff bears the burden of going forward with evidence as to good cause for not dismissing the action; if the plaintiff does come forward with good cause, the burden then shifts to the defendant to show substantial prejudice to it in allowing the case to proceed; if the defendant does show substantial prejudice, then the burden of production shifts to the plaintiff to establish that the proffered good cause outweighs the prejudice to the defendant.

Syl. Pt. 3, in part, *Mansy,* 198 W.Va. at 43, 479 S.E.2d at 342.

scheduling order, and this failure contributed to the delay in the case. Petitioner notes that this Court has reversed a Rule 41(b) dismissal, in part, because a circuit court's failure to enter a scheduling order contributed to counsel's mistaken belief that discovery responses were still pending. *See Caruso,* 223 W.Va. 544, 678 S.E.2d 50 (2009). However, in the present case, the lack of a scheduling order did not prevent petitioner from moving her case forward. She could have engaged in discovery without an order, but failed to do so. More importantly, the record simply does not support an argument that petitioner's counsel believed discovery was still pending as a result of the lack of a scheduling order.

Lastly, petitioner argues that the circuit court abused its discretion by failing to reinstate her case. West Virginia Code § 56-8-12 states as follows:

> Any court may, on motion, reinstate on the trial docket of the court any case dismissed, and set aside any nonsuit that may be entered by reason of the nonappearance of the plaintiff, within three terms after the order of dismissal shall have been made, or order of nonsuit entered; but any such order of reinstatement shall not be entered until the accrued costs in such case shall have been paid.

Moreover, we have held that

> "'Under W. Va. R. Civ. P. 41(b), in order to reinstate a cause of action which has been dismissed for failure to prosecute, the plaintiff must move for reinstatement within three terms of entry of the dismissal order and make a showing of good cause which adequately excuses his neglect in prosecution of the case.' Syl. pt. 1, *Brent v. Board of Trustees of Davis & Elkins College*, 173 W.Va. 36, 311 S.E.2d 153 (1983)." Syl. pt. 1, *Dimon v. Mansy*, 198 W.Va. 40, 479 S.E.2d 339 (1996).

Syl. Pt. 3, *Tolliver v. Maxey,* 218 W.Va. 419, 624 S.E.2d 856 (2005).

Petitioner argues that reinstatement would (1) serve to avoid the harshness of potential dismissal of petitioner's claims with prejudice, and (2) promote the interests of justice by allowing a trial on the merits. Additionally, petitioner argues that because no hearing was held on the reinstatement motion, she was denied the opportunity to demonstrate good cause for reinstatement of her case.

We disagree. Petitioner's motion for reinstatement provided her an opportunity to show good cause for reinstatement, but her motion simply reiterated, in a slightly different way, the same explanation offered at the February 26, 2013, hearing. In her motion seeking reinstatement, her counsel stated that "[g]ood cause is existent by virtue of the undersigned counsel's neglectful error in not propounding Plaintiff's discovery requests to Defendants in a timely manner due to a lack of diligence by counsel's staff member who is no longer employed by Woelfel & Woelfel, LLP." The circuit court refused to find good cause as a result of the case "slip[ping] through the cracks" in petitioner's counsel's office, and we find no abuse of discretion in that decision. Likewise, we do not find an abuse of discretion in the circuit court failing to hold a hearing on petitioner's motion for reinstatement that did not assert anything new.

6

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 25, 2014

**CONCURRED IN BY:**

Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Robin Jean Davis

7